UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS M. MULLANEY, ESQ., Individually And On
Behalf of All Others Similarly Situated,

                         Plaintiffs,

                 -against-

DELTA AIR LINES, INC.

                         Defendant.
-----------------------------------------------------------------X

08 CV 7324 (CM)(THK)

**VERIFIED ANSWER**

The Defendant, DELTA AIR LINES, INC. ("DELTA"), answering the Complaint of THOMAS M. MULLANEY, ESQ., Individually and on Behalf of All Others Similarly Situated ("Plaintiff") by its attorneys Quirk and Bakalor, P.C., respectfully alleges the following upon information and belief:

### PARTIES

1.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "1" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

2.    Admits the allegations contained in paragraph numbered "2" of the Plaintiff's Complaint.

### JURISDICTION

3.    Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "3" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "4" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## VENUE

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "5" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## FACTS

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "6" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "7" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "8" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "9" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "10" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "11" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "12" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "13" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "14" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

15. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "15" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "16" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "17" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "18" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

19. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "19" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

20. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "20" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

21. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "21" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## CLASS ACTION ALLEGATIONS

22. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "22" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

23. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "23" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

24. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "24" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

25. Denies the allegations contained in the paragraph numbered "25" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

26. Denies the allegations contained in the paragraph numbered "26" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

27. Denies the allegations contained in the paragraph numbered "27" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

28. Denies the allegations contained in the paragraph numbered "28" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

29. Denies the allegations contained in the paragraph numbered "29" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR A FIRST CAUSE OF ACTION

### N.Y. Gen Bus. Law

30. Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "29" of the Plaintiff's Complaint.

31. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "31" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

32. Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "32" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

33. Denies the allegations contained in the paragraph numbered "33" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

34. Denies the allegations contained in the paragraph numbered "34" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

### Promissory Estoppel
### (As Against All Defendants)

35. Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "35" of the Plaintiff's Complaint.

36. Denies the allegations contained in the paragraph numbered "36" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

37. Denies the allegations contained in the paragraph numbered "37" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

38. Denies the allegations contained in the paragraph numbered "38" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

39. Denies the allegations contained in the paragraph numbered "39" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR A THIRD CAUSE OF ACTION

### Unjust Enrichment

40. Repeats, reiterates and realleges each and every admission and denial as is contained herein in response to the allegations contained in the paragraphs numbered "1" through "40" of the Plaintiff's Complaint.

41. Denies the allegations contained in the paragraph numbered "41" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

42. Denies the allegations contained in the paragraph numbered "42" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

43. Denies the allegations contained in the paragraph numbered "43" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

44. Denies the allegations contained in the paragraph numbered "44" of the Plaintiff's Complaint and respectfully refers all matters of law contained therein to the Court.

## AS AND FOR A FIRST DEFENSE

45. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

46. The Plaintiff's action arises under a treaty of the United States, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention"). The Montreal Convention exclusively governs the Plaintiff's rights and remedies in this action, and preempts the New York statutory and common law claims alleged in the Plaintiff's Complaint.

## AS AND FOR A THIRD DEFENSE

47. DELTA avails itself of all defenses available to it under the Montreal Convention including, but not limited to, the defenses set forth in Article 19.

## AS AND FOR A FOURTH DEFENSE

48. That if any of Plaintiff's claims relate to rates, routes or services as set forth in the 1978 Airlines Deregulation Act, 49 U.S.C. § 41713(b)(1), then Plaintiff's claims are preempted by same.

### AS AND FOR A FIFTH DEFENSE

49. The Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, 49 U.S.C. §§ 40101 *et seq.*, and the regulations promulgated thereunder implicitly preempt any State law standard that purports to govern aviation safety, equipment, and operational standards.

### AS AND FOR A SIXTH DEFENSE

50. The Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

### AS AND FOR A SEVENTH DEFENSE

51. The Plaintiff may have failed to mitigate damages.

### AS AND FOR AN EIGHTH DEFENSE

52. The actions or omissions of the DELTA are not the proximate cause of any injury or damages allegedly sustained by Plaintiff.

### AS AND FOR A NINTH DEFENSE

53. The Plaintiff's alleged damages were caused by the unforeseeable, intervening and/or superseding acts of third parties for which DELTA is not responsible.

### AS AND FOR A TENTH DEFENSE

54. That if any of the injuries or damages allegedly sustained by the Plaintiff were caused in whole or in part by the culpable conduct of, and/or assumption of risk by Plaintiff, then DELTA respectfully demands that the amount of damages which may be recoverable by Plaintiff be diminished in the proportion which Plaintiff's culpable conduct and/or assumption of risk bears to the culpable conduct which caused the damages.

## AS AND FOR AN ELEVENTH DEFENSE

55. Pursuant to Article 16 of New York Civil Procedure Law and Rules DELTA hereby demands that the liability, if any, of DELTA be limited to DELTA's equitable share determined in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability for non-economic loss. If DELTA's liability is found to be fifty percent or less of total liability assigned to all liable persons due to the Plaintiff's failure to join a necessary tortfeasor, the Plaintiff's non-economic recovery shall be limited to the percentage of DELTA's liability.

## AS AND FOR A TWELFTH DEFENSE

56. Any past or future cost or expense incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, was or will be within reasonable certainty be replaced or indemnified in whole or in part for collateral sources such as defined in Section 4545(c) of the New York Civil Practice Law and Rules and, if any, damages are recoverable against DELTA, the amount of such damages shall be reduced by the amount of benefits which the Plaintiff has or will receive from such collateral source.

## AS AND FOR A THIRTEENTH DEFENSE

57. That the use of State law to contradict or supplement federal aviation legislation and the regulations promulgated thereunder would be an unconstitutional burden on interstate air commerce.

The Defendant, Delta Air Lines, Inc., hereby reserves the right to add additional defenses as based on information obtained during investigation or discovery. Nothing

contained herein shall be deemed to impose upon Defendant any burden of proof not imposed by applicable substantive law.

**WHEREFORE**, the Defendant, Delta Air Lines, Inc., demands judgment dismissing the Plaintiff's Complaint together with such costs and disbursements of this action, plus all attorneys' fees and all other costs herein.

Dated: New York, New York
      August 26, 2008

                                        QUIRK AND BAKALOR, P.C.

                                        By: /s/ Brian P. Sexton
                                          Brian P. Sexton, Esq. (BPS 2883)
                                          *Attorneys for Defendant*
                                          DELTA AIR LINES, INC
                                          845 Third Avenue, 15th Floor
                                          New York, New York 10022
                                          (212) 319-1000

TO:   LAW OFFICES OF THOMAS M. MULLANEY
       *Attorneys for Plaintiffs*
       708 Third Avenue, Suite 2500
       New York, New York 10017
       (212) 223-0800

## ATTORNEY VERIFICATION

BRIAN P. SEXTON, an attorney admitted to practice in the courts of the State of New York hereby affirms under the penalties of perjury:

I am a member of the law firm QUIRK AND BAKALOR, P.C., attorneys for defendant, **DELTA AIR LINES, INC.**

I have read the foregoing **VERIFIED ANSWER** and know the contents thereof to be true, to my knowledge, except as to those matters alleged to be upon information and belief, which matters I believe to be true.

This verification is made by your affiant because defendant resides outside of the county in which your affiant's office is located.

Dated: New York, New York
       August 26, 2008

                                                                                               BRIAN P. SEXTON, ESQ.

| Check Applicable Box | | |
|---|---|---|
| ☐ | Attorney's Affirmation<br>By Attorney | certify that the within has been compared by me with the original and found to be a true and complete copy. state that I am the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

.......................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF _____ ss.:
I, the undersigned, being duly sworn, depose and say: I am

| Check Applicable Box | | |
|---|---|---|
| ☐ | Individual Verification | _____ in the action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. |
| ☐ | Corporate Verification | the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof. |

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.......................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF   New York   ss.:   (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at   Bronx, N.Y.

August 26, 2008                                                                 **Verified Answer**

| Check Applicable Box | | |
|---|---|---|
| ☒ | Service By Mail | I served the within _____ by mailing a copy to each of the following persons at the last known address set forth after each name below. |
| ☐ | Personal Service on Individual | by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:* |
| ☐ | Service by Electronic Means | by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name. |
| ☐ | Overnight Delivery Service | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below. |

LAW OFFICES OF THOMAS M. MULLANEY
Attorneys for Plaintiffs
708 Third Avenue, Suite 2500
New York, New York 10017
(212) 223-0800

DARA L. ROSENBAUM
Notary Public, State of New York
No. 02RO6117218
Qualified in New York County
Commission Expires October 25, 2008

*Dara L. Rosenbaum* (signature)

*Alena Trimiar* (signature)
The name signed must be printed beneath

Sworn to before me on
August 26, 2008                                  Alena Trimiar

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                            08 CV 7324(CM)(THK)

---

THOMAS M. MULLANEY, ESQ., Individually And On Behalf Of All Others Similarly Situated,

Plaintiff,

-against-

DELTA AIR LINES, INC.,

Defendant.

---

**VERIFIED ANSWER**

---

**QUIRK AND BAKALOR, P.C.**

*Attorney(s) for* Defendant
DELTA AIR LINES, INC.

*Office and Post Office Address, Telephone*

**845 Third Avenue**
NEW YORK, NEW YORK 10022
(212) 319-1000

---

To



Attorney(s) for

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                          of which the within is a true copy
will be presented for settlement to the HON.                                           one of the judges of the
within named Court, at
on                                      at                      M.
Dated,

Yours, etc.

**QUIRK AND BAKALOR, P.C.**